IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN A. WATSON, V, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| AIR METHODS CORPORATION, | ) JURY TRIAL DEMANDED |
| | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

For its Notice of Removal, Defendant Air Methods Corporation ("Air Methods") states:

1. Air Methods exercises its rights under the provisions of 28 U.S.C. § 1441 et seq. to remove this case from the Circuit Court of St. Louis City, Missouri.

2. On or about August 7, 2014, a civil action was filed in the Circuit Court of St. Louis City, Missouri under the name and style of John A. Watson v. Air Methods Corp., Case No. 1422-CC-09383 ("Circuit Court Case").  A copy of the Circuit Court Case file, including Plaintiff's Petition and the Summons, is attached hereto and incorporated by reference as Exhibit A.

3. Air Methods was served with Plaintiff's Petition on August 28, 2014.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after service of the Petition on Air Methods and is, therefore, timely.

### Removal Is Proper Based On Federal Question Jurisdiction

4. Plaintiff has asserted a federal claim against Air Methods.  Thus, this Court has original jurisdiction under 28 U.S.C. § 1331, and Air Methods is entitled to remove the Circuit Court Case to this Court pursuant to 28 U.S.C. § 1441 (a), (b), and (c).

5. Plaintiff's claim against Air Methods arises, if at all, under the provisions of the Airline Deregulation Act of 1973 ("ADA"), Pub. L. No. 95-504, 92 Stat. 1705,[1] and the Whistleblower Protection Program ("WPP") of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, 49 U.S.C. § 42121 et seq., because Plaintiff alleges he was wrongfully discharged in retaliation for reporting what he believed to be violations of federal aviation regulations.  See Ex. A, Petition, p. 2, ¶ 7-9.  See also Botz v. Omni Air Int'l, 286 F.3d 488 (8th Cir. 2002).

### Removal Is Proper Based On Diversity Of Jurisdiction

6. This action is within the original jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1332, as the matter in controversy is between citizens of different states and exceeds the sum or value of $75,000.00, exclusive of interest and costs.[2]  See 28 U.S.C. § 1332(a)(1).

**A.    There Is Complete Diversity Of Citizenship**

7. Air Methods is a United States corporation that is incorporated in the state of Delaware and has its principle place of business in Colorado.  Pursuant to 28 U.S.C. § 1332 "[a] corporation shall be deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business."

8. There is complete diversity of citizenship between Plaintiff and Air Methods in this action because:

(a) Plaintiff is a citizen of the state of Illinois.

(b) Air Methods is incorporated in the state of Delaware and has its principal place of business in Colorado.

---

[1] The ADA is codified, as amended, in scattered sections of 49 U.S.C.
[2] Although the Civil Cover Sheet allows for only one checked box for basis of jurisdiction, Air Methods seeks to remove this case based on both federal question and diversity jurisdiction.

      **B.**     **The Amount In Controversy Exceeds The Jurisdictional Amount**

9. Plaintiff alleges in his Complaint that he is seeking damages for: lost wages and other benefits of employment; compensatory damages for emotional distress; equitable relief, including, but not limited to, injunctive relief, reinstatement, and front pay; prejudgment interest; punitive damages; costs of suit; and such other and further relief as this Court may deem just and proper. Under <u>Kopp v. Kopp</u>, 280 F.3d 883 (8th Cir. 2002), Plaintiff's requested relief meets the jurisdictional minimum.

### Venue

10. The United States District Court for the Eastern District of Missouri, Eastern Division is the appropriate venue for removal of Plaintiff's Circuit Court Case pursuant to 28 U.S.C. § 1441, which permits any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to be removed to the District Court of the United States for the district and division embracing the place where the state court action is pending.

### Compliance With Procedural Requirements

11. Air Methods has given written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Circuit Court of St. Louis City, Missouri.

12. Air Methods reserves the right to amend or supplement this Notice of Removal.

13. By filing this Notice of Removal, Air Methods does not waive any defenses that may be available to it.

WHEREFORE, Air Methods Corporation gives notice that this action is removed from the Circuit Court of St. Louis City, Missouri to the United States District Court for the Eastern

District of Missouri, for the exercise of jurisdiction over this action, as though this action had originally been instituted in this Court.

            Respectfully submitted,

            HUSCH BLACKWELL LLP

            By:    */s/ Terry L. Potter*
                Terry L. Potter, Bar No.: 28730MO
                terry.potter@huschblackwell.com
                190 Carondelet Plaza, Suite 600
                St. Louis, MO 63105
                Telephone:  (314) 480-1500
                Fax:  (314) 480-1505

            *Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Court via the Court's CM/ECF System and served via first-class U.S. mail, postage prepaid on this 26th day of September, 2014, upon:

Eli Karsh
230 S. Bemiston Ave., Suite 1200
St. Louis, MO 63105
Telephone:  (314) 862-3333, ext. 13
Fax:  (314) 862-0605
elikarsh@aol.com

            */s/ Terry L. Potter*