UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN A. WATSON, V, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:14CV1667 RLW |
| AIR METHODS CORPORATION, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Air Methods Corporation's Motion to Dismiss Plaintiff's Petition (ECF No. 13). This matter is fully briefed and ready for disposition.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

1

# DISCUSSION

In his action, Plaintiff alleges that he was terminated, in violation of Missouri's public policy exception to the employment-at-will doctrine, because he reported violations of federal aviation regulations. *See* ECF No. 6, *passim*. In the Motion to Dismiss, Defendant argues that Plaintiff's state law wrongful discharge claim is preempted by Airline Deregulation Act of 1973 ("ADA") (Pub. L. No. 95-504, 92 Stat. 1705), as amended by the Whistleblower Protection Program ("WPP") of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, 49 U.S.C. §42121, et seq. (ECF No. 14 at 2-4 (citing *Botz v. Omni Air Int'l*, 286 F.3d 488 (8th Cir. 2002)). Further, Defendant maintains that Plaintiff is unable to refile his claim in federal district court or with the Secretary of Labor. Any filing with the Secretary of Labor would be untimely under 49 U.S.C. §42121(b)(1),[1] and federal circuit courts have held that plaintiffs do not have a private right of action in federal district courts under the WPP. (ECF No. 14 at 5 (citing *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1024 (9th Cir. 2007); *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Branche v. Airtran Airways, Inc.*, 342 F.3d 1248, 1261, n.8 (11th Cir. 2003); *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002)("Under no circumstances does the [WPP] grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance.")).

In response, Plaintiff cites to various out-of-circuit decisions that have denied preemption. (ECF No. 15 at 4) (citing *Branche*, 342 F.3d 1264; *Gary v. Air Grp., Inc.*, 397 F.3d 183, 190 (3d Cir. 2005); *Ventress*, 603 F.3d at 681).

---

[1] 42 U.S.C. §42121(b)(1) provides: "A person who believes that he or she has been discharged or otherwise discriminated against by any person in violation of subsection (a) may, not later than 90 days after the date on which such violation occurs, file (or have any person file on his or her behalf) a complaint with the Secretary of Labor alleging such discharge or discrimination."

The Court notes that several of the other Federal Circuit decisions cited by Plaintiff expressly disagree with the *Botz* decision. *See, e.g., Gary*, 397 F.3d at 190 ("We therefore agree with the Eleventh Circuit that *Botz* went too far in expanding ADA preemption."). The Court, however, must follow Eighth Circuit precedent and holds that Plaintiff's state law wrongful discharge claim is preempted by the ADA, as amended by the WPP. *See Botz*, 286 F.3d at 497 ("The WPP's single, uniform scheme for responding to air-carrier employees' reports of air-safety violations fosters fairness far better than a patchwork, hit-or-miss system of whistleblower protections scattered throughout the States."). Further, the Court finds that allowing Plaintiff to refile his claim would be futile because any filing with the Secretary of Labor would be untimely and there is no private right of action under the WPP. *See* 49 U.S.C. §42121(b)(1); *Williams*, 500 F.3d at 1024; *Ventress*, 603 F.3d at 680; *Branche*, 342 F.3d at 1261, n.8; *Stella*, 284 F.3d at 142.[2] Therefore, the Court dismisses Plaintiff's wrongful termination claim with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** Defendant Air Methods Corporation's Motion to Dismiss Plaintiff's Petition (ECF No. 13) is **GRANTED**. A separate judgment will accompany this Memorandum and Order.

Dated this 6th day of April, 2015.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] In his Memorandum in Opposition, Plaintiff does not suggest that he would or could refile his claim to correct any pleading deficiency. (ECF No. 15).