UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN A. WATSON, V., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:14-CV-1667 RLW |
| AIR METHODS CORPORATION, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This case is again before the Court on a motion to dismiss by Air Methods Corporation (Defendant). For the following reasons, the motion will be denied.

### Background

The allegations of the complaint, summarized by the Eighth Circuit Court of Appeals, are as follows.

> From July 2013 until May 2014, Watson worked as a flight paramedic for Air Methods. Watson claims that during his employment with Air Methods, he observed numerous violations of federal aviation safety regulations. These included a pilot making cell-phone videos during flight, members of a medical crew text messaging during critical phases of flight, a pilot attempting to take off despite accumulation of frost and ice on the aircraft, and another pilot making unnecessary "run-on landings." Watson reported these alleged violations to Air Methods's corporate office. He asserts that the company responded by suspending him and later terminating his employment.
>
> In August 2014, Watson sued Air Methods ... for the common-law tort of wrongful discharge in violation of public policy. Under Missouri common law, an employer may not terminate an employee "for reporting wrongdoing or violations of law to superiors or public authorities." *Flesher v. Pepose Vision Inst., P.C.*, 304 S.W.3d 81, 92 (Mo. 2010)

*Watson v. Air Methods Corp.*, 870 F.3d 812, 814-15 (8th Cir. 2017) (en banc).

Relying on the Eighth Circuit precedence of *Botz v. Omni Air Int'l*, 286 F.3d 488 (8th Cir. 2002), this Court held that Watson's claims were expressly preempted by the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713(b)(1), and the Whistleblower Protection Program ("WPP"), 49 U.S.C. § 42121, and dismissed the case. Sitting en banc, the Eighth Circuit overruled, in relevant part, the *Botz* decision and concluded that Watson's claims were not expressly preempted by the ADA or by the WPP. *Watson*, 870 F.3d at 820. The court declined to reach Defendant's arguments that Plaintiff's state-law claims were impliedly preempted by the Federal Aviation Act of 1958 ("FAA"), 72 Stat. 731, 754-71 (1958), and the WPP.

Defendant now raises its implied-preemption arguments in a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

## Discussion

"To survive a 12(b)(6) motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *McShane Constr. Co. v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

Under Missouri law, "[t]o demonstrate wrongful discharge, a plaintiff 'must show that he reported to superiors or to public authorities *serious* misconduct that constitutes a violation of the law and *of well established* and *clearly mandated* public policy.'" *United States ex rel. Miller v. Weston Educ., Inc.*, 840 F.3d 494, 507 (8th Cir. 2016) (quoting *Frevert v. Ford Motor Co.*, 614 F.3d 466, 471 (8th Cir. 2010)). "The reported violation must be based on 'explicit authority' such as 'a constitutional provision, a statute, a regulation based on a statute or a rule promulgated

2

by a governmental body.'" *Id.* (quoting *Frevert*, 614 F.3d at 471). Under this public-policy exception, a plaintiff must prove that his "whistle blowing . . . was a 'contributing factor' in the employer's decision to discharge him." *Bazzi v. Tyco Healthcare Group*, 652 F.3d 943, 947 (8th Cir. 2015) (quoting *Flesher,* 304 S.W.3d at 94-95). Also, he "must show both that [he] harbored a good-faith belief' that the conduct in question violated the public policy at issue, and that 'this good faith belief was objectively reasonable.'" *Graham v. Hubbs Machine and Mfg., Inc.*, 92 F.Supp.3d 935, 942 (E.D. Mo. 2015) (quoting *Bazzi*, 652 F.3d at 948).

Plaintiff alleges he reported misconduct that violated a statute, 49 U.S.C. § 44732 (prohibiting a flight crewmember from using, among other things "a personal wireless communications device" when aircraft is being operated), and four regulations -- 14 C.F.R. §§ 91.21 (similar to § 44732), 91.13 (prohibiting careless or reckless operation of aircraft), 135.144 (similar to § 44732), and 135.227 (regulating when pilot may operate aircraft in icing conditions). Defendant argues that the cited statute and regulations are part of a comprehensive federal scheme "occup[ying] the field of aviation safety" and, consequently, Plaintiff's claims implicating air safety concerns are impliedly preempted by the FAA and WPP

"'[I]mplied preemption exists where a federal statutory or regulatory scheme is so pervasive in scope that it occupies the field, leaving no room for state action.'" *Lefaivre v. KV Pharm. Co.*, 636 F.3d 935, 939 (8th Cir. 2011) (quoting *In re Aurora Dairy Corp. Organic Milk Mktg. & Sales Practices Litig.*, 621 F.3d 781, 792 (8th Cir. 2010)). "A tension exists 'between the presumption against preemption and the possibility of implied preemption'; as a result, 'it is often a perplexing question whether Congress has precluded state action or by the choice of selective regulatory measures has left the police power of the States undisturbed except as the state and federal regulations collide.'" *Id.* (quoting *Aurora*, 621 F.3d at 792).

3

In support of its argument, Defendant cites the reasoning of the Ninth Circuit Court of Appeals in *Ventress v. Japan Airlines*, 747 F.3d 716 (9th Cir. 2014). That case involved a flight engineer's state law claims he had been retaliated against and constructively terminated after expressing concern, and submitting safety reports, about a pilot's medical fitness to operate a specific flight. *Id.* at 719. After he did so, he had to undergo psychiatric evaluations and was prevented from working. *Id.* The court concluded that resolution of the engineer's claims required a "factfinder to pass on questions of pilot qualification and medical fitness: and, consequently "impinge[d] on Congress's goal of ensuring a single, uniform system for regulating aviation safety." *Id.* at 722. The court characterized the engineer's claims as "little more than backdoor challenges to [defendant's] safety-related decisions regarding his and [the pilot's] physical and mental fitness to operate civil aircraft." *Id.*

The allegations in the instant case are distinguishable from *Ventress*. Plaintiff is not asking a factfinder to determine whether Defendant violated any statutes or regulations by allowing the flight crew to engage in the alleged behavior. Rather, he is alleging he was discharged after complaining about that behavior – behavior which he must show he had an objectively-reasonable, good-faith belief violated safety regulations. As noted in *Watson*, 847 F.3d at 817, "[t]he state common law prevents an air carrier from terminating an employee for reporting a violation of safety rules. But the air carrier is not required to implement any subsidiary conclusion of a state court about the meaning of safety regulations." Defendant's argument suggests the contrary: "[u]nder Missouri law, Plaintiff's wrongful discharge claim would require the factfinder to interpret the air carrier safety standards set by Congress and expert federal agencies, and decide whether those standards were in fact violated." (Def.'s Mem. at 5, ECF No. 36.). This argument is unavailing. "[Plaintiff] need not prove that [Defendant]

4

actually violated the federal regulations, only that 'he reasonably believed' a violation had occurred at the time of whistleblowing." *Hamilton v. United Airlines, Inc.*, 960 F.Supp.2d 776, 786 (N.D. Ill. 2012) (finding plaintiff's claims under Illinois law of whistleblower and retaliatory discharge following his repeated complaints to regulatory agency about "holding time" of defendant/employer's airplanes were not preempted by WPP; plaintiff's claims arose from, and affected only, employment relationship with airline and the success of an Illinois claim for retaliatory discharge "[did] not rest on the actual unlawfulness of the underlying conduct").

## Conclusion

Accepting as true Plaintiff's allegations, as required by Rule 12(b)(6), the Court finds that he has stated a claim under Missouri law for wrongful discharge. Accordingly,

**IT IS HEREBY** ORDERED that the motion of Air Methods Corporation to dismiss and for stay of discovery is DENIED. [ECF No. 35]

Dated this 25th day of January, 2018.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**